EXHIBIT D

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF JASPER | ) | FOURTEENTH JUDICIAL CIRCUIT |
| Sarah Taylor, | ) | CIVIL ACTION No. 2026CP2700408 |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER** |
| | ) | **(JURY TRIAL DEMANDED)** |
| Arthur Green and Carrier One, Inc., | ) | |
| Defendants. | ) | |

Defendants Arthur Green and Carrier One, Inc. ("Defendants"), while reserving their right to move for dismissal or for any other relief, answer the Complaint as follows:

1. Except as expressly admitted herein, each and every allegation of the Complaint is denied.

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

2. In response to Paragraph 1 of the Complaint, Defendants admit on information and belief that Plaintiff was or is a resident of The State of Florida. The remaining allegations of said Paragraph are denied.

3. In response to Paragraph 2 of the Complaint, Defendants admit that Defendant Green is a resident of The State of Texas. Defendants further admit that Arthur Green drove a vehicle involved in an incident on December 27, 2025. All other allegations as worded in Paragraph 2 of the Complaint are denied.

4. In response to Paragraph 3 of the Complaint, Defendants admit that Carrier One, Inc. has its principal place of business in Indiana. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

EXHIBIT D

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

5. Defendants admit the allegations contained in Paragraph 4 of the Complaint, to the extent the term "agent" can be construed as "independent contractor." The allegations otherwise are denied.

6. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 7 of the Complaint, subject to a possible change of venue or a federal removal.

9. In response to Paragraph 8 of the Complaint, Defendants admit that on December 27, 2025, Mr. Green drove a commercial motor vehicle East on I-95 in the right lane of two lanes, in Jasper County. The other allegations are denied.

10. Defendants deny the vague allegations contained in Paragraph 9 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

13. In response to Paragraph 12 of the Complaint, Defendants reassert their responses hereinabove as if set forth here verbatim.

14. In response to Paragraph 13 of the Complaint, Defendants admit that Mr. Green had a duty to drive with reasonable care. The remaining allegations of Paragraph 13 of the Complaint contain incomplete and/or inaccurate statements of alleged legal duties and are therefore denied.

15. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

20. In response to Paragraph 19 of the Complaint, Defendants reassert their responses hereinabove as if set forth here verbatim.

21. Paragraph 20 of the Complaint contains inaccurate and or incomplete statements of alleged legal duties, and origin thereof, and is therefore denied.

22. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

27. In response to Paragraph 26 of the Complaint, Defendants reassert their responses hereinabove as if set forth here verbatim.

28. Defendants admit the allegations contained in Paragraph 27 of the Complaint to the extent the term "agent" is construed as "independent contractor." The allegations otherwise are denied.

29. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

31. In response to Paragraph 30 of the Complaint, Defendants reassert their responses hereinabove as if set forth here verbatim.

32. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

35. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

37. In response to Paragraph 36 of the Complaint, Defendants reassert their responses hereinabove as if set forth here verbatim.

38. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

39. Defendants deny the allegations as contained in Paragraphs 38, 39, 40, 41, 42, and 43 of the Complaint.

**FOR A SECOND DEFENSE**

40. Plaintiff's Complaint fails to state a claim for relief against Defendants upon which relief may be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

41. Any recovery by Plaintiff against Defendants must be reduced or offset by amounts Plaintiff has or will receive from others for the same alleged injuries and damages claimed in this lawsuit.

**FOR A FOURTH DEFENSE**

42. Plaintiff's claims are barred, or subject to reduction, based upon the comparative fault, negligence, gross negligence, willfulness, and recklessness of Plaintiff.

**FOR A FIFTH DEFENSE**

43. Plaintiff may have failed to mitigate her damages, if any, as required by law.

**FOR A SIXTH DEFENSE**

44. Defendants aver that none of the Plaintiff's causes of action state a claim sufficient to support any award of punitive damages based on the South Carolina Constitution or the U.S.

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

Constitution and that any award thereof would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Due Process Clause Article 1, Section 3 of the South Carolina Constitution.

**FOR A SEVENTH DEFENSE**

45. To the extent Plaintiff is seeking punitive damages, which Defendants deny are recoverable, Defendants assert the full protections afforded by the United States Constitution and South Carolina Constitution, as well as the holding of *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), to limit or bar any such damages claimed.

**FOR AN EIGHTH DEFENSE**

46. Defendants plead any and all applicable rights and protections afforded to them under the South Carolina Fairness in Civil Justice Act of 2011, codified at South Carolina Code Annotated Sections 15-32-510 to 15-32-540, as a defense to Plaintiff's claims and/or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages (which are expressly denied).

**FOR A NINTH DEFENSE**

47. Defendants reserve the right to assert any other defenses as may become legally available hereafter or become apparent during discovery, or by Federal Rules of Procedure, including, without limitation, those defenses provided for by Rules 8 and 12 of the South Carolina Rules of Civil Procedure, by statute, by regulation, or by common law, as if set forth here verbatim.

**FOR A TENTH DEFENSE**

48. Defendants assert defenses of comparative fault, negligence, gross negligence, and recklessness as a bar to Plaintiff's claims or in reduction of damages recoverable.

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

**FOR AN ELEVENTH DEFENSE**

49. Venue may be more appropriate in another county or another court.

**FOR A TWELFTH DEFENSE**

50. Damages claimed by Plaintiff may be due to prior, intervening, and/or superseding causes or negligent and reckless acts of third parties – including Diego Anselmo Montanez - over whom Defendants had no control or responsibility.

**FOR A THIRTEENTH DEFENSE**

51. Defendant Green was presented with a sudden emergency and took reasonable action in response thereto.

**FOR A FOURTEENTH DEFENSE**

52. Plaintiff has failed to join a necessary and indispensable party, Diego Anselmo Montanez, and therefore this action should be dismissed pursuant to Rules 12(b)(7) and 19 of the South Carolina Rules of Civil Procedure.

**FOR A FIFTEENTH DEFENSE**

53. Some of the alleged legal duties asserted by Plaintiff are preempted and controlled by Federal Motor Carrier Safety Regulations, including but not limited to duties of a motor carrier with respect to qualification of a commercial driver.

**JURY TRIAL DEMAND**

54. Defendants request a jury trial.

WHEREFORE, having fully answered the Complaint, Defendants Arthur Green and Carrier One, Inc. respectfully pray that Plaintiff's Complaint be dismissed with prejudice, for an award of costs and attorney's fees, for a change of venue, or for a jury trial, and for such other and further relief as the Court may deem just and proper.

EXHIBIT D

ELECTRONICALLY FILED - 2026 Aug 25 5:16 PM - JASPER - COMMON PLEAS - CASE#2026CP2700408

Respectfully submitted,

BARNWELL WHALEY
PATTERSON & HELMS, LLC

*/s/ R. Scott Wallinger, Jr.*
R. Scott Wallinger, Jr., Esq.
S.C. Bar No. 64851
J. Calvin Griffin, Esq.
S.C. Bar No 106681
211 King St., Ste. 300
(O): (843) 577-7700
F: (843) 577-7708
swallinger@barnwell-whaley.com
cgriffin@barnwell-whaley.com

August 25, 2026

Charleston, South Carolina