UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SARAH TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR GREEN AND CARRIER ONE, INC.,<br><br>Defendants. | Civil Action No.: 9:26-cv-3693-RMG<br><br>DEFENDANTS' ANSWERS TO LOCAL CIVIL RULE 26.01 (D.S.C.) |

Defendants submit their Answers to Local Civil Rule 26.01 (D.S.C.) Interrogatories as follows:

A. State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: Defendants are unaware of any person or entity who may claim such an interest; additional investigation will be needed to respond further to this interrogatory.**

B. As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER: Each claim should be tried by a jury because the parties have requested and/or will request a jury trial.**

C. State whether the party submitting these responses is a publicly owned company and separately identify: (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Defendant Green is an individual. Defendant Carrier One, Inc. is not publicly-owned. It has no parent. No publicly-held corporation owns stock in Carrier One, Inc. Carrier One, Inc. is not a parent of a publicly-owned company. Carrier One, Inc. does not own stock of a publicly-owned company.**

D. State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civ. Rule 3.01 (D.S.C).

**<u>ANSWER</u>: The motor vehicle incident and a substantial part of the alleged events or omissions forming the basis for the claims in this action allegedly occurred in Jasper County, South Carolina and in this Division.**

E. Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide:

1. A short caption and the full case number of the action;
2. An explanation of how the matters are related; and
3. A statement of the status of the related action.

Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether the cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**<u>ANSWER</u>: No.**

F. [Defendants Only.] If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**<u>ANSWER</u>: Defendants are properly identified.**

G. [Defendants Only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**<u>ANSWER</u>: Defendants contend that the subject vehicular incident and any damages claimed by Plaintiff are solely due to actions of Diego Anselmo Montanez, who was driving the vehicle in which Plaintiff was a passenger. (*See* Answer, Paragraphs 50 and 52).**

H. [Parties or Intervenors in a Diversity Case.] In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the Court orders otherwise, name — and identify the citizenship of — every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the Court's jurisdiction under § 1332(a).

**<u>ANSWER</u>: Defendant Carrier One, Inc. is a corporation formed under the laws of the State of Delaware and has its principal place of business in the State of Indiana. Carrier One, Inc. is not a Limited Liability Corporation and thus has no members.**

{Signature Page Follows}

Respectfully submitted,

Barnwell Whaley Patterson & Helms, LLC

*/s/ R. Scott Wallinger, Jr.*
R. Scott Wallinger, Jr., Esq.
Fed. Id. 5868
211 King St., Ste. 300
Charleston, SC 29401
O: (843) 577-7700
F: (843) 577.7708
swallinger@barnwell-whaley.com

***Counsel for Defendants Arthur Green and Carrier One, Inc.***

August 27, 2026

Charleston, South Carolina