IN THE UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SARAH TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR GREEN AND CARRIER ONE, INC.,<br><br>Defendants. | Civil Action No.: 9:26-cv-3693-RMG<br><br>**DEFENDANTS' RULE 26(F) AND LOCAL RULE 26.03 (DSC) RESPONSES** |

Defendants Arthur Green and Carrier One, Inc. (hereinafter "Defendants"), by and through their undersigned counsel, respond to Rule 26(f) and to Local Rule 26.03 (DSC), as follows:

**Rule 26(f)(3) Discovery Plan**

1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?

**RESPONSE:**

**The parties will make disclosures and have submitted a proposed consent amended scheduling order with a new deadline.**

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**RESPONSE:**

**Both parties expect to conduct discovery with respect to the claims alleged by Plaintiff and Defendants' defenses, and regarding the vehicle incident, the operations of Defendant Carrier One, Inc., injuries and damages claimed by Plaintiff, and**

**Plaintiff's medical history. The defendants do not anticipate the need to conduct discovery in phases.**

3. Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:**

**The defendants are not aware of any such issues at this time.**

4. Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.

**RESPONSE:**

**The defendants are not aware of any such issues at this time.**

5. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**The defendants are not requesting any such limitations at this time.**

6. Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**The defendants will seek an appropriate Confidentiality Order to govern confidential documents to be produced.**

**Local Rule 26.03 Responses**

1. A short statement of the facts of the case.

**RESPONSE:** On December 27, 2025, Arthur Green was operating a tractor trailer in the right lane of I-95 northbound in heavy stop-and-go traffic. Diego Montanez, driving a Kia sedan with Plaintiff as a passenger, along with a young child,

and was driving ahead of Green. Montanez pulled into the lane ahead of Green. A car ahead of Montanez stopped, Montanez stopped, and the front of the truck driven by Green contacted the back of the Kia. Plaintiff alleges the accident injured her. Liability and damages are disputed.

2. The names of fact witnesses likely to be called by the party, and a brief summary of their expected testimony.

**RESPONSE:**

**a. Sarah Taylor**

**Ms. Taylor is the Plaintiff. She is expected to testify regarding the circumstances surrounding the incident and her alleged injuries.**

**b. Diego Montanez**

**Mr. Montanez was the driver of the vehicle occupied by Plaintiff. He is expected to testify regarding the circumstances of the collision.**

**c. Arthur Green**

**Mr. Green is a Defendant and is expected to testify about his job duties and the alleged incident.**

**d. Corporal B. Stoner**
**South Carolina Highway Patrol**

**Officer Stoner is expected to testify about his observations at the incident scene.**

**e. Corporate Representative(s) of Carrier One, Inc.**

**Representative(s) are expected to testify as to the Company's operations, their qualification of Mr. Green to drive the truck, Defendant Green's activities on the date of the incident, and any relevant matters.**

**f. First responders, treating physicians, nurses, and medical providers**

**These individuals are expected to testify regarding Plaintiff's condition, alleged injuries, treatment, and prognosis.**

**g. Defendants continue to investigate the existence of additional witnesses and reserve the right to identify additional witnesses during discovery. By way of further response, Defendants incorporate by**

**reference any and all witnesses named by Plaintiff and reserve the right to call such witnesses.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:** **Defendants may offer experts and testimony in the fields of engineering, accident reconstruction, human factors, motor carrier safety management, vocational rehabilitation, lifecare planning, biomechanics, economics, surgery, and medicine.**

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE:** Defendants' asserted defenses include:

a. Failure to state a claim upon which relief can be granted against Defendants.
See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

b. Offset for amounts Plaintiff received from others.

See S.C. Code § 15-38-10 et seq.; W. M. Kirkland, Inc. v. Providence Washington Ins. Co., 216 S.E.2d 518 (S.C. 1975).

c. Comparative negligence.

See Nelson v. Concrete Supply Co., 303 S.C. 243, 399 S.E.2d 783 (1991)

d. Failure to mitigate damages.

See Chastain v. Owens Carolina, Inc., 426 S.E.2d 834 (S.C. Ct. App. 1993).

e. Punitive damages defenses.

See S.C. Code § 15-32-510 et seq.; Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008); Phillip Morris USA v. Williams, 549 U.S. 346 (2007); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of N. Am. v. Gore, 517 U.S. 559 (1996).

f. Available defenses under the Federal Rules of Civil Procedure, statute, regulation, or common law.

See Fed. R. Civ. P. 8, 12.

g. Preemption and superseding Federal law.

See Fueling v. S&J Logistics LLC, No. 7:22-cv-00905-JDA, ECF No. 238, (D.S.C. Nov. 15, 2024); Ye v. GlobalTranz Enterprises, Inc., 74 F.4th 453 (7th Cir. 2023) Aspen Am. Ins. Co. v. Landstar Ranger, Inc., 65 F.4th 1261 (11th Cir. 2023).

h. Intervening acts of third parties.

Small v. Pioneer Mach., 329 S.C. 448, 494. S.E.2d 835 (Ct. App. 1997)

i. Sudden Emergency

Estate of Haley v. Brown, 370 S.C. 240, 634 S.E.2d 62 (Ct. App. 2006

The above authorities are meant to be exemplary only and Defendants reserve the right to offer additional authorities as needed.

5. Absent special instructions from the assigned judge, proposed dates for the following deadlines are listed in Local Civ. Rule 16.02 (D.S.C.): at (a) exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) completion of discovery.

**RESPONSE:** The amended scheduling order provides for exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures by Plaintiff by March 29, 2027 and by Defendants by April 23, 2027; and completion of discovery by May 25, 2027.

6. Any special circumstances that would affect the timeframes applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**RESPONSE:** None.

7. Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**RESPONSE:** No such information has been requested.

Respectfully submitted,

BARNWELL WHALEY PATTERSON
& HELMS, LLC

/s/ R. Scott Wallinger, Jr.
R. Scott Wallinger, Jr.
Federal ID No. 5868
P.O. Drawer H, Charleston, SC 29402
211 King St. Suite 300
Charleston, SC 29401
O: (843) 577-7700
F: (843) 577-7708
E: swallinger@barnwell-whaley.com

**ATTORNEYS FOR DEFENDANTS**

October 7, 2026

Charleston, South Carolina